The Board of School Directors for Tredyffrin/ Easttown School District et al., Petitioners *v.* The Public School Employees' Retirement Board, Respondent.

Argued February 3, 1981, before President Judge CRUMLISH and Judges MENCER, ROGERS, BLATT, CRAIG, MACPHAIL and PALLADINO. Judges WILKINSON, JR. and WILLIAMS, JR. did not participate.

*John S. Bevan*, with him, *Frank L. White, Jr.*, and *Steven L. Sugarman, Duane, Morris & Heckscher*, for petitioners.

*Thomas J. Mangan, Jr.*, with him, *Raymond Kleiman*, Deputy Attorney General, and *William H. Haubert, III*, for respondent.

*Catherine C. O'Toole*, for Amicus Curiae, Pennsylvania State Education Association.

*William Fearen*, with him, *Michael I. Levin, Cleckner* and *Fearen*, for Amicus Curiae, Pennsylvania School Boards Association.

OPINION BY PRESIDENT JUDGE CRUMLISH, June 17, 1981:

The Board of School Directors of the Tredyffrin/Easttown and Palisades Area School Districts bring this class action[1] for themselves and all public school

---

[1] On November 20, 1979, following a motion and hearing, this Court certified the present matter as a class action on behalf of all school districts in the Commonwealth. The period for class members to opt out of this proceeding closed on March 31, 1980, with no members electing to be excluded.

districts in the Commonwealth seeking declaratory and injunctive relief against the Public School Employes' Retirement Board's interpretation and enforcement of certain provisions of the Public School Employes' Retirement Code.[2] The Code requires employer contributions to retroactively fund extended benefits to part-time public school employees for any period of service prior to the 1979-1980 school year. They would also have us prevent the Board from deducting or causing to be deducted subsidies to which the school districts would be entitled *or* citing, surcharging, or imposing any civil or criminal penalty, liability or sanction in response to the school districts' refusal to retroactively fund extended benefits for part-time employees.

The parties have stipulated to the absence of any material issue of fact, and specified the sole legal question for our determination:

> Whether 'part-time employees', as that term is defined by the Code, are entitled to secure certain retroactive retirement benefit credits for services rendered prior to the 1979-1980 school year; and, if so, (i) for what period of time may such credits be secured; and (ii) whether employers have any obligation to pay for the contributions attributable to such credits?

The school districts then filed the Motion for Summary Judgment asserting that, there being no genuine issue of material fact, they are entitled to judgment as a matter of law thus freeing them from contributory responsibility. We agree with the school districts only as to pre-1975-1976 school year contributions.

On October 2, 1975, our Legislature enacted a new Public School Employes' Retirement Code, 24 Pa.

---

[2] Act of October 2, 1975, P.L. 298, 24 Pa. C. S. §8101.

C. S. §8101, which supersedes the former Retirement Code of 1959[3] and provides a modernized retirement system for public school employees. One of the major changes in the new Code required part-time employees, working on a per diem or hourly basis if not less than 80 full-day sessions or 500 hours in any fiscal year, to become members of the retirement system. 24 Pa. C. S. §8301. The former Code compensated non-eligible part-time employees for services in accordance with contracted salary schedules.

Under the general provisions of the new Code, a public school employee-member of the system, either part-time or fulltime, is not only eligible for retirement benefits for current school service, 24 Pa. C. S. §8302, but may finance credit for these benefits from three sources: [1] member contributions at a prescribed rate through salary deductions, 24 Pa. C. S. §8321; [2] the "employer" school district payments pursuant to actuarial cost formula, 24 Pa. C. S. §§8327-8328; and/or [3] Commonwealth contributions in accordance with the same actuarial cost formula, 24 Pa. C. S. §§8326 and 8328. Although eligibility for retirement benefits based on both previous creditable school service, 24 Pa. C. S. §8303(c), and previous creditable nonschool service, 24 Pa. C. S. §§8304(a), 8303(c), for fulltime members is uncontested, the part-time controversy centers upon not only the employees' option to purchase prior service credits for the pre-1975-1976 or even the pre-1979-1980 school years, but their respective sources of contribution.

Initially, amicus Pennsylvania School Boards Association argues that no provision of the Retirement Code permits members of the system to purchase credit for part-time service rendered prior to the 1975-1976

---

[3] The Public School Employes' Retirement Code of 1959, Act of June 1, 1959, P.L. 350, *as amended*, 24 P.S. §3101.

school year which was the first year any part-time service was recognized for retirement purposes. We disagree.

Although we do recognize the presumption against a statute's retroactive effect "unless clearly and manifestly so intended by the General Assembly," Section 1926 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1926, we perceive no problem with the Code's intended effect on part-time employees. Section 8303 (c), 24 Pa. C. S. §8303(c), explicitly provides

> (c) *Purchase of previous creditable service*— Every active member of the system or a multiple service member who is an active member of the State Employees' Retirement System on or after the effective date of this part *may* purchase credit and receive eligibility points as a member of Class T-C for *previous school service or creditable nonschool service* upon written agreement by the member and the Board as to the manner of payment of the amount due for credit for such service; except, that any purchase for reinstatement of service credit shall be for all service previously credited. (Emphasis added.)

Clearly, the provision contemplates an active member purchasing credit for either previous school service or creditable nonschool service. The Code specifically provides that membership for part-time employees was to take effect at the beginning of the school year 1975-76, and prior purchase provisions became effective at that time.

Turning to the disputed question of the school districts' responsibility under the Code to contribute to a part-time employee's purchase of either prior creditable school service or prior creditable nonschool service, an examination of the Code's provisions reveal that contributions are not mandated.

For previous creditable school service, Section 83-23(a) of the Code, 24 Pa. C. S. §8323(a), provides that

> *Members contributions for creditable school service*
>
> (a) *Previous school service, sabbatical leave, and full coverage*—The contributions to be paid by an active member . . . for . . . *school service not previously credited* . . . shall be sufficient to provide an amount equal to the *accummulated deductions* which would have been standing to the credit of the member for such service had he made *regular member contributions* with full coverage at the rate of contribution necessary to be credited as Class T-C service and had such contributions been credited with statutory interest during the period the contributions would have been made and during all periods of subsequent school . . . service up to the date of purchase. (Emphasis added).

The school districts argue first that the "school service not previously credited" category cannot be read to include part-time service which was not previously creditable under the Code. However, our reading of the Code provisions as a whole, in conjunction with the Statutory Construction Act's instruction that prefixed headings may act as a construction aid, 1 Pa. C. S. §1924, leads us to conclude that the Legislature's intent here was that creditable school service not previously credited be available for purchase to part-time employees.

The school districts also contend that the statutory definitions for "accumulated deductions" and "regular member contributions" conclusively reject any implication of a contributory share by the employer. Taking these definitions together, we must agree. While the definition of "accumulated deduc-

tions" under the Code refers to total contributions paid into the fund *by the member,* "regular member contributions" include the product of both the basic contribution rate (5¼%), and the *compensation of the member.* Section 8321 specifically provides that every active member make "regular member contributions to the fund for current service by salary deductions." In addition, although not conclusive, the Retirement Board's Regulations curiously extend the definition for "accumulated deductions" to include the "total of contributions paid into the fund by the member, *on his own and for the share of the employer,* to the extent applicable...." (Emphasis added.) 22 Pa. Code §211.2.

For previous creditable nonschool service, Section 8304(b) specifically limits credit to certain service in the military, in a public school or public educational institution of the federal government or of another state, or as an employee of a county board of school directors. Section 8324(a) emphatically provides the sources of contributions for the purchase of creditable nonschool service:

> The total contributions to purchase credit as a member of Class T-C for creditable non-school service of an active member or an eligible State employee shall be paid either by the member, the member's previous employer, the Commonwealth, or a combination thereof, as provided by law. 24 Pa. C. S. §8324.

The school districts accurately point out that *only* previous employers, those limited to the five categories listed in Section 8304(b), may be required to contribute funds. In addition, contributions for creditable non-school service toward nonintervening military service and other creditable nonschool service must equal the total of the member's "basic contribution rate" *plus* the "normal contribution rate." *See*

24 Pa. C. S. §§8324(b) and (d). The member's "basic contribution rate" is clearly defined as a 5¼ percentage, 24 Pa. C. S. §8102, while the "normal contribution rate" represents the employer's share as technically determined by the Code's actuarial cost method. *See* 24 Pa. C. S. §8328. Reading Section 8324 further, we must conclude that the member is clearly responsible for both his own basic contribution share and the employer's normal contribution share "except that in the case of the purchase of credit for creditable nonschool service as set forth in Section 8304(b)(5) [relating to nonschool service as an employee of a county board of school directors], *the member shall pay only the employee's share* unless otherwise provided by law." (emphasis added) 24 C. S. §8324(d). The School districts correctly propose that this language demonstrates that this payment by the member of *only* his or her share is one of several exceptional cases, and that, in the usual situation, the purchase of previous creditable nonschool service is made either entirely by the member or with the certified assistance of the member's previous employer and/or the Commonwealth, but *not* the current employer.

The school districts have no obligation to contribute to the part-time employee's pre-1975-1976 school year creditable school and nonschool service, for the following added reasons:

First, Section 8327(a)'s provision relating to employer payments specifically states the employer need only make payments to the fund for "the pay periods in the preceding quarter of *all employees who were members of the System during such period.*" (Emphasis added.) 24 Pa. C. S. §8327(a). The provision applies to employees who *were* members of the system, not employees who *would have been* members under Section 8323(a), or Section 8503(c), Although the Code allows part-time employees to buy back pre-1975-

1976 school year time, Section 8327 clearly and explicitly eliminates the potential for an employer's contribution since part-time employees *were* not members of the system prior to the 1975-1976 school year;

Second, the Retirement Board's Regulations seem to directly contravene the employer contribution argument they now present. Title 22 of the Pennsylvania Code, Section 213.24(a), deals specifically with sources of contribution for the purchase of previous creditable school and non-school service:

(a) Source of contributions. As provided in sections 8303 and 8304 of the code (24 Pa. C. S. §§8303 and 8304), creditable school and non-school service *shall be purchased entirely by the member,* except in the following cases:

(1) In the case of former uncredited school service, where a school district has failed to credit service through administrative error, the employing school district, as such employer, shall be required to pay its share of the contributions for such service, although the active member shall be responsible for his share.

(2) In the case of service rendered by an active member to a county board of school directors, now designated an intermediate unit, the member shall only be responsible for the purchase of his own share for such previous service rendered to the county board of directors.

(3) Except for sabbatical leaves of absence, in the case of approved leaves of absence for professional study and growth and as an exchange teacher, the employe shall be required to pay, for the purchase of creditable nonschool service, both the member's share and the employer's share if it is purchased after the leave of absence has expired. If the employer

reports such leaves currently based on the employe's salary as if he had been in fulltime employment during the leave period, then the employe shall only be required to pay his share, whereupon the employer shall have a corresponding liability based on normal contribution rate. (Emphasis added). 22 Pa. Code §213.-24(a).

In our judgment, the Regulation clearly contemplates that employee contributions serve as full payment for "buy-back" purposes, except in three specific instances, no one of which suggests to us that employer contributions are either mandated or warranted;

Third, the Code's administrative provisions carefully relate the employer's relationship to an active member's purchase of credit for previous school or creditable nonschool service. In addition to certifying the required member's contribution, only "when necessary" should the Retirement Board "certify to the proper employer the amount which would have been paid together with statutory interest into the State accumulation account had such employee been an active member in the System during said period." 24 Pa. C. S. §8503(c). The school districts argue that the Board need only certify an amount to the employer under certain circumstances: (a) when the *previous* employer elects or is required to pay the normal contribution rate for the purchase of creditable nonschool service pursuant to an agreement under Section 8324, 24 Pa. C. S. §8324; (b) when an employee elects to pay for credit through salary deductions under Sections 8323 and 8324, 24 Pa. C. S. §§8323, 8324, and the employer needs to be informed of the proper amount to deduct; and (c) when the employees not required to pay the entire amount by virtue of the purchase falling within one of the three exceptions provided by the Board's Regulations at 22 Pa. Code

§213.24(a). The school districts' definition of "when necessary", to our reading, accurately portrays the limited scheme in which employer's contributions are warranted.

Lastly, Section 8502(K)'s, 24 Pa. C. S. §8502(K), instruction that the Board's certification of employer contributions "shall be regarded as final and not subject to modification by the Budget Secretary" conveys the Legislature's intention that the Board's yearly tabulation of employer contributions are complete and final. School districts could not then be obligated to contribute to members' purchasing of credit for previous school or creditable nonschool service. To hold otherwise contravenes the Legislative intent but would irreparably impair both the financial and working effectiveness of school districts in the Commonwealth.

This being so, there is no reason to address the school districts' remaining constitutional and statutory arguments.

Accordingly, we grant the School Districts' Motion for Summary Judgment and enter judgment against the Public School Employes' Retirement Board. In doing so, we grant the School Districts' requested declaratory relief and enjoin the Retirement Board from enforcing any and all of those provisions of the Retirement Code which require school district contributions to retroactively fund extended benefits to part-time employees for any period of service prior to the 1975-1976 school year; deducting or causing to be deducted subsidies to which the school districts and the members of their certified class would otherwise be entitled; or citing, surcharging or imposing any civil or criminal penalty, liability or sanction upon the school districts or any members of their class for failing or refusing to make the contributions, reports or payments purportedly required by the Retirement Code.

Date: June 17, 1981

Judge WILKINSON, JR., did not participate in the decision in this case.

#### ORDER

The School Districts' Motion for Summary Judgment is hereby granted, and judgment is entered as a matter of law against the Public School Employes' Retirement Board. By so doing, the School Districts' request for declaratory relief is granted and the Retirement Board is enjoined from enforcing any and all of those provisions of the Retirement Code which require school district contributions to retroactively fund extended benefits to part-time employees for any period of service prior to the 1975-1976 school year; deducting or causing to be deducted subsidies to which the school districts and the members of their certified class would otherwise be entitled; or citing, surcharging or imposing any civil or criminal penalty, liability or sanction upon the school districts or any members of their class for failing or refusing to make the contributions, reports or payments purportedly required by the Retirement Code.
Date: June 17, 1981

CONCURRING AND DISSENTING OPINION BY JUDGE BLATT:

I concur in the majority's conclusion that the petitioners need not make retroactive contributions for pension coverage purchased by public school employees for previous part-time service, but I must respectfully dissent to that portion of the majority opinion which applies that conclusion only to employer contributions for pre-1975-76 service.

My reading of the statute, 24 P.S. §§8102 and 8303 (c), persuades me not only that public school employees may purchase pension coverage for previous

school or creditable non-school service accumulated in the years before or after the 1975 enactment of the applicable provisions but that the school districts need not make contributions for coverage purchased by employees for post-1975-76 services. The majority has offered no reason to distinguish the purchase of pre-1975-76 service from the purchase of service for later years and I would therefore require the school districts to make no contributions for pension coverage purchased by public school employees for service in any year previous to the employee's most recent entrance into the public school system.

Judge ROGERS joins in this concurring and dissenting opinion.