Karen A. Girovsky, Petitioner *v.* Workmen's Compensation Appeal Board (Corry Foam Products, Inc.), Respondents.

Argued October 7, 1982, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Carmela Presogna,* for petitioner.

*James P. Lay, III, Gifford, Lay, Johnson & Ridge,* for respondents.

OPINION BY JUDGE MACPHAIL, December 28, 1982:

Karen A. Girovsky (Claimant) appeals here from an order of the Workmen's Compensation Appeal Board (Board), which affirmed the referee's denial of benefits and dismissed Claimant's appeal on the basis that there was no causal relationship between the disability alleged and the fall Claimant sustained at work on March 9, 1978. The sole issue presented for our determination in this appeal is whether the referee

and the Board capriciously disregarded competent evidence in reaching the conclusion that Claimant failed to meet her burden of establishing a causal connection between her disability and the accident.

There is very little dispute in the facts relating to the injury. Claimant did suffer a fall at the work place which caused injury to her knee. She consulted a physician who diagnosed her injury as a sprain. She missed about two weeks at work during which she was given some mild treatment. She then returned to work and gradually to her regular duties. This continued until January of 1979. During this period of time she engaged in some of her usual activities such as jogging, softball and skiing but claims she had discomfort and had to quit these activities because of that discomfort.

In January 1979 Claimant again consulted her physician who in turn referred her to Dr. Euliano, who recommended an operation after he examined x-rays showing evidence of patella alta, i.e. a raised kneecap. The doctor, as Claimant's witness, testified that this condition resulted from the development of chondromalacia, a condition aggravated by walking, bicycling or any other activity which would make the knee bend or flex. He said such a condition would be aggravated by a direct blow to the knee but that there would be no aggravation from a sprain or twisting injury to the knee. Dr. Euliano said in his opinion Claimant's patella alta condition was something that was present for a long time and that that condition could not have been caused by a fall such as that sustained by the Claimant. The doctor testified further that only an extreme forceable blow to the knee which would jam it up against the thighbone would aggravate Claimant's pre-existing condition. Finally, the physician testified that there was no causal relationship between the Claimant's fall and the condition which necessi-

tated the operation; or, as the physician also stated, the Claimant would have required the 1979 operation whether or not she had incurred the injury in 1978.

Claimant testified that she did suffer a severe blow to her knee in the 1978 fall, not a sprain, and that this aggravated her pre-existing condition.

Relying upon the medical testimony of Dr. Euliano, the referee found as a fact that the accident in 1978 had no causal relationship or connection with Claimant's condition of chondromalacia and the surgery for the patella alta.

In her brief to us, Claimant argued that the referee capriciously disregarded Claimant's own testimony that when she fell, she did sustain a severe blow to her knee. That testimony, coupled with what Dr. Euliano said, would, according to the Claimant, supply the necessary connection between the fall and the pre-existing condition, to wit, an aggravation of the pre-existing condition. The weakness in Claimant's argument is at once apparent. Both the original examining physician and Dr. Euliano diagnosed Claimant's initial injury as nothing more than a sprain. Claimant's participation in sports even to a limited degree would lend support to that diagnosis. There would seem to be little doubt that one who had sustained a blow which was so forceful as to jam the knee bone into the thighbone would not even attempt jogging, skiing, softball, etc.

Claimant's legal burden is to prove a causal connection between her injury and her disability. *Halaski v. Hilton Hotel*, 487 Pa. 313, 409 A.2d 367 (1979). To meet that burden, it is sufficient, of course, if Claimant proves that her injury accelerates or aggravates a pre-existing condition. *Panaci v. Workmen's Compensation Appeal Board*, 66 Pa. Commonwealth Ct. 188, 443 A.2d 881 (1982). Unfortunately for the Claimant in this case, the referee found that no such connection was made. While the referee was bound to consider

Claimant's testimony regarding the actual nature of her fall, he was likewise bound to consider the diagnosis of the fall made by her physicians. The referee then had the duty to determine from the conflicting testimony whether or not the fall was of such a severe nature as to cause aggravation of a pre-existing condition. His resolution of that conflict, of course, does not constitute capricious disregard of competent evidence.

Order affirmed.

## ORDER

It is ordered that the order of the Workmen's Compensation Appeal Board numbered A-81368 and dated December 17, 1981, is hereby affirmed.