Leroy L. Graff, Petitioner *v.* Commonwealth of Pennsylvania, State Employes' Retirement System Board, Respondent.

Submitted on briefs November 17, 1982, to President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

606

*Edward C. Harkin,* petitioner.

*Marsha V. Mills,* Assistant Chief Counsel, for respondent.

OPINION BY JUDGE CRUMLISH, JR., March 16, 1983:

The State Employes' Retirement Board (Board) denied a disability annuity to Leroy Graff. He appeals. We affirm.

Graff, a Department of Transportation (Department) employee, suffered a myocardial infarction while digging culverts. Prior to his illness, he had been employed as a Highway Foreman II. Following the attack, Graff underwent several operations to successfully install a pacemaker. His physician advised him that he would be unable to return to his previous assignment because of the physical exertion required. Graff testified that his job included, together with its managerial functions, heavy work when regular crew members were absent.[1] Not withstanding the absence of specified physical activity in the published job description, the Board, in examining the evidence, relief on this sedentary job descrip-

---

[1] Graff testified that he was told by his supervisor that: You guys are working foremen. If you're short a shovel man, pick up a shovel. If you're short a pick man, pick up a pick . . . . If you have to pick, pick; if you have to shovel, shovel; if you have to swing a sledge hammer, swing it; if you have to run a jack hammer, run it . . . . N.T. p. 31. Graff also testified that his job included overtime snow removal, road paving and sign repair.

tion[2] and gave no credence to Graff's testimonial description of his actual working conditions.

Section 5308(c) of the State Employees' Retirement Code[3] provides that, if an employee "prior to attainment of superannuation age . . . becomes mentally or physically incapable of continuing to perform the duties for which he is employed," he shall receive a disability annuity. Section 5905(c)[4] further provides that, in making this determination, the Board must consider relevant precedent decisions of the Workmen's Compensation Appeal Board.

Resolutions of credibility are within the province of the Hearing Examiner and such resolution does not constitute capricious disregard of competent evidence. *Girovsky v. Workmen's Compensation Appeal Board,* 70 Pa. Commonwealth Ct. 536, 453 A.2d 723 (1982).

The Board adopted the Hearing Examiner's conclusion that:

> 2. Claimant should not be granted a disability benefit since he should be able to perform the sedentary duties contained in his job description.

In concluding that Graff was not entitled to a disability annuity, the Board provided him with two options: (1) either he could return to work or (2) withdraw his accumulated contributions to the pen-

---

[2] The stipulated job description delineated Graff's responsibilities:

> Directs a crew engaged in cleaning and opening drain pipes; participates in developing anticipated work schedules; requisitions any material or hand tools required and orders the dispatch of equipment required to accomplish assigned responsibility; assigns areas for snow removal operation.

[3] 71 Pa. C. S. §5308(c).

[4] 71 Pa. C. S. §5905(c).

sion plan and separate. In our opinion, the Board did not capriciously disregard competent evidence in denying this annuity; however, if Graff should exercise his option to return to work, the Department must limit his duties to those in the published job description.

Affirmed.

ORDER

The order of the State Employees' Retirement Board dated March 18, 1981, is affirmed.