Abraham Haigler, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 8, 1983 to Judges WILLIAMS, JR., CRAIG and MACPHAIL, sitting as a panel of three.

*Abraham Haigler,* petitioner, for himself.

*Francine Ostrovsky,* Associate Counsel, with her *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, July 25, 1983:

Abraham Haigler (Claimant) has brought this appeal from a decision of the Unemployment Compensation Board of Review (Board) denying him benefits on the basis of willful misconduct.[1] We affirm.

---

[1] Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Claimant was last employed as a porter for National Publishing Company (Employer). Claimant had a history of excessive absenteeism related to a problem with alcohol, had been disciplined for such absences and had been warned that future absences would result in discharge. On August 10, 1981, Claimant reported off, informing Employer that he would be out to care for his daughter who had contracted a rash. Employer did not accept the excuse for this final absence and discharged Claimant in light of his attendance record. The Board also found that Claimant's absence on August 10 was not justified since Claimant did not show that he was needed to care for his daughter. The Board determined that this unjustified absenteeism supported a conclusion of disqualifying willful misconduct.

The law[2] regarding absenteeism as willful misconduct is succinctly stated. Absenteeism is considered disqualifying willful misconduct when unjustified, or when not properly reported according to the employer's rules. *See Atlantic Richfield Co. v. Unemployment Compensation Board of Review,* 65 Pa. Commonwealth Ct. 65, 67, 441 A.2d 516, 517 (1982).

There is in this case no question regarding the proper reporting of Claimant's absence. However, the Board, acting in its role as factfinder,[3] did determine that it was not necessary for Claimant to miss further work to care for his daughter. Thus, Claimant has failed to justify his absence. In view of his history of excessive absenteeism related to his per-

---

[2] The question of whether the behavior for which a claimant was discharged constitutes willful misconduct is a question of law subject to review by this Court. *E.g., Northeastern Hospital v. Unemployment Compensation Board of Review,* 64 Pa. Commonwealth Ct. 332, 439 A.2d 1337 (1982).

[3] *See Glenn v. Unemployment Compensation Board of Review,* Pa. Commonwealht Ct. , 455 A.2d 293 (1983).

sonal problem with alcohol, combined with the warnings and disciplinary actions previously given by Employer, we shall affirm the denial of benefits.[4]

## ORDER

The order of the Unemployment Compensation Board of Review, Decision Number B-202065, dated December 23, 1981, is hereby affirmed.

[4] Claimant, in the letter which he submitted to this Court as his pro se brief, has asserted that Employer treated him, a black male, differently, with regard to accepting his excuse of an ill child, from other white employees. While the law does not permit racially disparate discipline to form the basis for a denial of unemployment compensation benefits, *Woodson v. Unemployment Compensation Board of Review*, 461 Pa. 439, 336 A.2d 867 (1975), Claimant did not raise that issue below and therefore may not raise it for the first time here. Section 703(a) of the Administrative Agency Law, 2 Pa. C. S. §703(a).