LaVerne Burrows, Petitioner *v.* Commonwealth of Pennsylvania, State Employes' Retirement Board, Respondent.

Argued March 3, 1983, before Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*George B. Angell*, for petitioner.

*Marsha V. Mills,* Assistant Counsel, for respondent.

OPINION BY JUDGE DOYLE, August 3, 1983:

Before this Court is an appeal by LaVerne Burrows (Petitioner) from a decision and order of the State Employes' Retirement Board (Board) denying Petitioner's application for a disability annuity.

Petitioner was employed as a road maintenance worker by the Department of Transportation (Department) for a sixteen year period which concluded in 1971 when Petitioner contracted tuberculosis. Disability benefits were awarded to Petitioner but were terminated in 1973 when his condition was deemed arrested. Petitioner reapplied, this time on the basis of a condition which causes him to develop severe bruises and hematomas in his extremities upon receipt of even a slight blow or bump. The severe swelling which accompanies these bruises purportedly prevents Petitioner from performing the duties of his job with the Department.

A hearing was held on Petitioner's claim on February 23, 1981. Neither Petitioner nor his counsel attended this hearing. Evidence was introduced into the record on behalf of Petitioner, however, in the form of several medical reports and a 1975 administrative decision awarding Petitioner social security disability benefits based on the same condition. Testifying at the hearing was a physician employed by the medical examiner for the purpose of reviewing claims for disability benefits. He stated that he was unable to find Petitioner disabled because of a paucity of medical evidence in support of the claim, especially for the years 1973 through 1979. The physician admitted not having seen a short report prepared by Petitioner's treating physician on February 19, 1981 and that it had not played a role in his opinion.

The hearing examiner found that, in light of reports indicating that Petitioner had experienced his condition at times while he was actively employed by the Department, Petitioner had failed to carry his burden of proving that his condition rendered him disabled for the purposes of performing the duties of a road maintenance worker. The Board affirmed the hearing examiner's decision, adopting his opinion verbatim. On appeal to this Court, Petitioner raises two issues. First, he asserts that the hearing examiner's decision demonstrates a capricious disregard of the evidence submitted, especially the February 19, 1981 report of Petitioner's treating physician and the 1975 social security disability decision. Second, Petitioner posits that the Board failed to adhere to the procedures for administering a claim mandated by Section 5905(c) of the State Employees' Retirement Code (Code), 71 Pa. C. S. §5905(c).

Section 5905(c) of the Code requires that "[i]n *every* case where the [B]oard has received an application for a disability annuity based upon physical . . . incapacity for the performance of the job for which the [applicant] is employed . . . the [B]oard *shall:* (1) through the chief medical examiner, *have the applicant examined. . . ."* (Emphasis added.)

The use of the word *shall* as a general rule, is construed to mean that the subject action is imperative. *Amalgamated Transit Union, Division 85 v. Port Authority of Allegheny County*, 417 Pa. 299, 208 A.2d 271 (1965). As there is no evidence that the legislature had a permissive intent behind the incorporation of *shall* into Section 5905(c), we must therefore read that action to mean that it is mandatory that an applicant for the subject disability benefits be given a medical examination under the auspices or at the direction of the chief medical examiner. *See Id.* In the case *sub judice,* the Board affiliated physician, even while not-

ing the paucity of medical information, did nothing other than review Petitioner's medical documents. A review of the record reveals no actual physical examination to have been conducted other than by doctors retained by Petitioner. Accordingly, we must remand this case so that the necessary examination can be conducted, to be followed by further proceedings as may be necessary for incorporation into the record and consideration of the results thereof.[1]

### ORDER

Now, August 3, 1983, the decision and order of the State Employes' Retirement Board in the above captioned matter, is hereby vacated and the matter is remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.

---

[1] Having so held, it is unnecessary to address Petitioner's challenge based on the merits of the Board's decision.