### In Re: Claim of John J. Kohn.

Submitted on briefs February 1, 1984, to Judges ROGERS, PALLADINO and BARBIERI, sitting as a panel of three.

*Victor Dell'Alba, Dell'Alba, Heim and LeCates,* for petitioner.

*Marsha V. Mills,* Assistant Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, May 7, 1984:

This is an appeal by John J. Kohn (Petitioner) from a decision and order of the State Employes' Retirement Board (Board) denying Petitioner's application for a disability annuity.

The Petitioner was employed by the Commonwealth of Pennsylvania Liquor Control Board as an Enforcement Officer II, from February 8, 1965 through October 19, 1973. On September 23, 1973, the Petitioner felt chest pains after moving a carton of beer or liquor during a raid. Thereafter, the Petitioner was assigned light duties which did not involve raids or investigations. The Petitioner applied for a disability annuity under Sections 5704 and 5905(c) of the State Employees' Retirement Code[1] (Code) claim-

---

[1] 71 Pa. C. S. §§5704 and 5905(c).

ing that he was physically incapable of performing the job for which he was employed because of coronary artery disease.

A hearing was held on Petitioner's claim on December 28, 1979. The Petitioner produced the deposition testimony and reports of a heart specialist who diagnosed the Petitioner as suffering from angina pectoris caused by coronary artery disease. The specialist based his diagnosis on an electrocardiogram given by another physician soon after the Petitioner first suffered chest pains. The electrocardiogram later performed by the specialist showed no evidence of coronary artery disease.

Also introduced into the record was a report by the physician who gave the first electrocardiogram. This physician stated that while the Petitioner suffered from angina pectoris, the extent of his disability is open to question. Moreover, this physician stated that he could not exclude the possibility that the Petitioner's symptoms were due to his hiatus hernia. Finally, a physician employed by the Board for the purpose of reviewing claims for disability benefits testified that there was no objective evidence that the Petitioner suffered from coronary artery disease and that further testing would be necessary. The Board-appointed physician's conclusion was based on his review of the medical evidence of record.

Based on this evidence, the hearing examiner found that the Petitioner had failed to produce sufficient medical evidence to show that he was suffering from coronary artery disease. Thus, the referee concluded that the Petitioner did not carry his burden of proving that he was suffering from a disability which rendered him unable to perform the job for which he was employed. The Board affirmed the hearing examiner's decision.

The Petitioner's arguments as set forth in his brief are as follows: (1) the report and deposition of the specialist were medically sufficient to show that the Petitioner was incapable of performing his duties because of his suffering from coronary artery disease; (2) the Board failed to consider a decision of the Workmen's Compensation Appeal Board which awarded the Petitioner disability benefits; and (3) the Board-appointed physician did not conduct an examination of the Petitioner.

Section 5905(c) of the Code provides in pertinent part:

> In every case where the Board has received an application for a disability annuity based upon physical or mental incapacity for the performance of the job for which the member is employed, . . . , the Board shall: (1) through the chief medical examiner, have the applicant examined and on the basis of said examination, . . . , make a finding of disability . . . or nondisability. . . .

In *Burrows v. State Employes' Retirement Board*, 76 Pa. Commonwealth Ct. 84, 463 A.2d 106, 107 (1983), this Court stated that ''it is mandatory that an applicant for the subject disability benefits be given an examination under the auspices or at the direction of the chief medical examiner.'' In *Burrows*, as in the instant case, the only examinations given to the applicant were by physicians retained by the applicant. In both cases the Board-appointed physician reviewed the medical evidence of record and found it to be insufficient to support the applicant's claim. In the instant case, the physician specifically stated that additional testing would be necessary.

It is our view that where a finding of disability or nondisability cannot be made based on the medical evidence introduced by the applicant, Section 5905(c) re-

quires that the Board conduct any further examination it deems necessary to make such a finding. Accordingly, this Court must remand this case so that the necessary examination can be conducted, to be followed by such further proceedings as may be necessary.

ORDER

AND NOW, May 7, 1984, the decision and order of the State Employes' Retirement Board in the above-captioned matter is hereby vacated and remanded for further proceedings consistent with this opinion.

Jurisdiction is relinquished.