George N. Stratigos, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 19, 1984, before Judges Craig, Doyle and Colins, sitting as a panel of three.

*John H. Smith, Campbell, Sherrard & Burke, P.C.,* for petitioner.

*Michael Alsher,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, January 16, 1985:

Claimant George Stratigos appeals an order of the Unemployment Compensation Board of Review which denied his claim for benefits. The board concluded that Mr. Stratigos was ineligible for benefits because his discharge was due to willful misconduct,[1] in that he repeatedly violated a company rule barring solicitation on company premises.

We must decide (1) if there was substantial evidence to support the board's findings that the claimant committed the violations, and, if so, (2) whether this court should nevertheless remand the case for further proceedings to consider the validity of the no-solicitation rule in the light of the employer's agreement to revoke it, made after the completion of the board hearing in this case.

On the substantial evidence question, the record contains ample evidence to support the board's findings that the claimant, with knowledge of the rule, violated it for a third time, after two previous violations and warnings, by distributing written materials calling for the formation of a drivers' association consisting in part of the claimant's fellow employees in the employer's bus company. Although the claimant contradicted some of the testimony by denying the acts attributed to him and contested other testimony by characterizing his actions as not involving solicitation, the board, as the arbiter of the facts, properly exercised its power to resolve questions of credibility against the claimant. *Johnson v. Unemployment Compensation Board of Review,* 65 Pa. Commonwealth Ct. 409, 442 A.2d 853 (1982).

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

The subsequent shadow cast upon the no-solicitation rule presents a more difficult question. After the close of the board's October 28, 1982 hearing in this case, in a proceeding before the National Labor Relations Board involving the claimant's dismissal, the employer, on November 12, 1982, agreed to revoke the no-solicitation rule and to substitute a new rule. That action remained outside the record in this case. There was no petition for reconsideration of the board's decision dated December 13, 1982. 34 Pa. Code §101.-111.

This court is aware that employer rules barring "solicitation," although not necessarily illegal, are of dubious validity if overbroad. The United States Supreme Court has affirmed the NLRB's invalidation of a general rule against soliciting which failed to maintain a balance "between the undisputed right of self-organization assured to employees under the Wagner Act and the equally undisputed right of employers to maintain discipline in their establishments." *Republic Aviation Corp. v. National Labor Relations Board*, 324 U.S. 793, 798-99 (1945).

In effect, the claimant asks this court to take notice of the NLRB settlement solely as a basis for ordering a remand.

Surprisingly, research discloses no precedent squarely applicable to this situation. However, when there has been no presentation of potentially pertinent circumstances in compensation proceedings until after they have reached this court on appeal, there is no sound basis for reopening the matter at that point. The claimant, in addition to proposing that this court direct the compensation authorities to consider a factual history which followed their proceedings, is also asking that we reopen the proceedings on the basis of an entirely new issue—the alleged invalidity of the

no-solicitation rule at the time the claimant violated it. The familiar principle is that this court cannot consider issues not raised during the administrative proceedings below, section 703(a) of the Administrative Agency Law, 2 Pa. C. S. §703(a), *Haigler v. Unemployment Compensation Board of Review*, 75 Pa. Commonwealth Ct. 633, 462 A.2d 954 (1983); by the same token, we cannot remand for new proceedings, to repair that omission.

There must be some point at which the adjudication of compensation claims can be treated as complete.

Affirmance of the decision is necessary.

ORDER

Now, January 16, 1985, the decision of the Unemployment Compensation Board of Review, No. B-212719, dated December 13, 1982, is affirmed.

DISSENTING OPINION BY JUDGE COLINS:

I must respectfully dissent. The rule against "solicitation" in this case was overly broad and was violative of the "undisputed right of self-organization" as detailed in *Republic Aviation Corp. v. National Labor Relations Board*, 324 U.S. 793, 798-99 (1945).