John E. Albright, Petitioner v. Commonwealth of Pennsylvania, State Employes' Retirement System, Respondent.

Argued May 6, 1985, before Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Patricia A. Carey,* for petitioner.

*Nicholas Joseph Marcucci,* Assistant Counsel, for respondent.

OPINION BY JUDGE DOYLE, November 22, 1985:

John E. Albright (Petitioner) appeals from a decision of the State Employes' Retirement Board (Board) which denied Petitioner's application for a disability annuity pursuant to Section 5308(c) of the

State Employes' Retirement Code (Code), 71 Pa. C. S. §5308(c).

Petitioner was employed by the Department of Public Welfare from July 18, 1966 to August 12, 1976, and during that time worked as a nursing assistant at the Philipsburg State General Hospital. Petitioner retired from his position in 1976, and has since been unemployed. Petitioner did not apply for a disability annuity until January 19, 1983, when the Board allowed a belated application due to the possibility that Petitioner had been misinformed about his right to apply for such annuity at the time of his retirement.

At the hearing on the application for disability in 1983, Petitioner sought to establish that he was physically disabled at the time of his retirement in 1976, because of emphysema. After considering the evidence, the hearing examiner determined that Petitioner had not produced sufficient evidence to indicate that, as of August, 1976, he could no longer perform the job in which he was employed. The hearing examiner found that Petitioner was not disabled in 1976, and thus recommended that his application be denied. On June 22, 1984, the Board adopted the hearing examiner's findings of facts and recommendations, and denied Petitioner's application for disability annuity.

On appeal to this Court,[1] Petitioner initially argues that the Board capriciously disregarded evidence in reaching its decision. Section 5308(c) of the Code provides that, if an employee "prior to attainment of superannuation age . . . becomes mentally or physically incapable of continuing to perform the duties

---

[1] Our scope of review where the decision of the Board is against the Claimant is to determine whether the Board's findings are consistent with each other and with its conclusions of law, and can be sustained without a capricious disregard of the evidence. *Estate of McGovern v. State Employes' Retirement Board*, 85 Pa. Commonwealth Ct. 50, 481 A.2d 981 (1984).

for which he is employed" he shall receive a disability annuity.

In support of his claim Petitioner presented a number of medical reports and hospital examinations which indicated the presence of a chronic obstructive pulmonary disease. Petitioner also testified on his own behalf that this medical condition was the cause of his retirement in 1976. The Retirement Board presented the testimony of Dr. Stanley R. Goldman, who testified that while the reports submitted by Petitioner did indicate the presence of some form of emphysema, they in no way indicated that the condition would have prevented Petitioner from performing his job *in 1976.* Dr. Goldman therefore concluded that Petitioner was not disabled in 1976. The hearing examiner relied upon the opinion testimony of Dr. Goldman, as well as the results of the medical reports[2] to reach his decision that Petitioner was not eligible for disability annuity. The record is clear that the Board did not disregard Petitioner's evidence but simply chose to believe other evidence regarding Petitioner's alleged disability. Resolutions of credibility are within the province of the Board as fact finder and such resolution does not constitute capricious disregard of competent evidence. *See Estate of McGovern v. State Employes' Retirement Board,* 85 Pa. Commonwealth Ct. 50, 481 A.2d 981 (1984).[3]

---

[2] The hearing examiner determined that the pulmonary function studies submitted by Petitioner supported a finding of non-disability.

[3] In this case although the Board adopted the hearing examiner's recommendations, the Board was the ultimate finder of fact whose decision we now review. Neither the Code nor its accompanying regulations confer any factfinding function to the hearing examiner. Although *Graff v. State Employes' Retirement System Board,* 72 Pa. Commonwealth Ct. 605, 457 A.2d 596 (1983), implies that the hearing examiner has a factfinding function, it cites *Girovsky v. Workmen's Compensation Appeal Board (Corry Foam Products, Inc.),* 70 Pa. Commonwealth Ct. 536, 453 A.2d 723 (1982),

138

Petitioner also contends that the hearing examiner and the Board improperly considered an *ex parte* communication which was not placed in the record. Petitioner focuses on the hearing examiner's statement in his written recommendation that, "It is very likely that [Petitioner's] reasons for leaving were other than health." Arguing that there was no record evidence to support this assertion, Petitioner maintains that the hearing examiner must have relied upon a letter written to the Secretary of the Board, in which a former co-employee of Petitioner suggested that Petitioner had retired due to problems in his personal life. There is no indication, however, that the hearing examiner was aware of this letter, or, if he was aware, that he allowed it to influence his recommendation.

In addition to its adjudicatory function, the Board has been given various administrative responsibilities, among which are the maintenance of files and records and the receipt of communications from the public. *See* Section 5902(a) of the Code, 71 Pa. C. S. §5902 (a). Given this dual role, we certainly cannot assume that every piece of correspondence received by the Secretary of the Board will be considered by the Board in its adjudicatory function, regardless of whether it has been made a part of the record in a particular case. Nor can we assume that a member of the Board would allow any knowledge of non-record information to bias his decision in a matter.

Finally, we note that the hearing examiner's statement that Petitioner left work for reasons "other than health" needs no independent factual support, as it follows logically from the hearing examiner's affirma-

---

a case under The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1031, where it has been well established that the referee, rather than the Board, is the finder of fact. *See Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

tive finding that Petitioner was not disabled and could have continued to perform his work duties at the time of his retirement. Thus, there is no reason to believe that the hearing examiner relied upon the *ex parte* letter in reaching his decision.

Petitioner also claims that the Board erred in failing to conduct an examination by its chief medical examiner prior to the Board's decision, as required under Section 5905(c)(1) of the Code, 71 Pa. C. S. §5905(c)(1). *Burrows v. State Employes' Retirement Board*, 76 Pa. Commonwealth Ct. 84, 463 A.2d 106 (1983). The Board responds that no purpose would be served in enforcing this requirement in cases where, as here, the disability at issue is not a current disability, but one which existed seven years earlier. We do not reach the merits of this argument, however, as it is clear that Petitioner has not preserved this issue of the medical examination for review before this Court. Petitioner did not raise this issue in his exceptions to the hearing examiner's recommendations, or in his petition for reconsideration before the Board. We will not consider an issue raised for the first time before our Court and shall consider it waived.[4] Section 703(a) of the Administrative Agency Law, 2 Pa. C. S. §703(a); *Haigler v. Unemployment Compensation Board of Review*, 75 Pa. Commonwealth Ct. 633, 462 A.2d 954 (1983).

For the foregoing reasons, we conclude that the Board properly denied Petitioner's disability annuity. Accordingly, the order of the Board is affirmed.

---

[4] We note that we are not here faced with the situation in *In Re: Kohn*, 82 Pa. Commonwealth Ct. 251, 474 A.2d 1212 (1984), where we required a remand for an examination by the chief medical examiner because the evidence presented by the Petitioner was insufficient to support *either* a finding of disability *or* a finding of non-disability. In the present case, the evidence available before the Board established that Petitioner was *not* disabled, **and the** Board so found. *See supra*, note 2.

## ORDER

Now, November 22, 1985, the order of the State Employes' Retirement Board, dated June 22, 1984, is hereby affirmed.

Senior Judge KALISH concurs in the result only.