541 A.2d 1185

Martha H. Kern, Petitioner *v.* Commonwealth of Pennsylvania, State Employees' Retirement Board, Respondent.

Argued April 21, 1988, before Judges MACPHAIL and SMITH, and Senior Judge BARBIERI, sitting as a panel of three.

*Stephen W. Furst, Furst and Furst,* for petitioner.

*Nicholas Joseph Marcucci,* Assistant Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, May 31, 1988:

Martha H. Kern (Claimant) petitions for review of the order of the State Employees' Retirement Board (Board) which granted her a temporary disability annuity for one week. We reverse in part and remand.

Claimant worked as a hydrogeologist in the Department of Environmental Services. On January 1, 1985, she gave birth to a child who died in the delivery room of complications during the delivery. Claimant came under a psychiatrist's care, developed post-traumatic stress disorder and left her job on May 31, 1985, for a period of hospitalization. On October 25, 1985, she applied for a disability annuity under Sections 5704 and 5905(c) of the State Employees' Retirement Code (Code), 71 Pa. C. S. §§5704 and 5905(c). Claimant returned to work on a part-time basis on November 1, 1985, and resumed full-time work on December 15, 1985.

Section 5704 of the Code states that disability annuities shall be payable from:

> the effective date of disability as determined by the board and continued until a subsequent determination by the board that the annuitant is no longer entitled to a disability annuity. . . .

Pursuant to this Section and Section 5102 of the Code[1] which states that in the case of a finding of disability the date certified by the Board will be the effective date of disability, the Board established 4 Pa. Code §241.1 stating:

> *Effective date of disability retirement*—The date following the last day for which compensation was paid or the date on which the member filed

---

[1] 71 Pa. C. S. §5102.

an effective application for disability benefits, whichever is later.

The Board applied this regulation to Claimant and held that her disability annuity would commence on October 25, 1985, even though she was admittedly disabled as of May 31, 1985. The Board terminated Claimant's annuity on November 1, 1985, the day she returned part-time to work, relying on Section 5706(a) of the Code[2] which provides that annuity benefits terminate when an employee returns to service. Claimant argues that 4 Pa. Code §241.1 is arbitrary and in conflict with Section 5905(c)(1) of the Code, 71 Pa. C. S. §5905(c)(1).

Section 5905(c)(1) of the Code states:

(c) *Disability annuities.*—In every case where the board has received an application for a disability annuity based upon physical or mental incapacity for the performance of the job for which the member is employed, taking into account relevant decisions by The Pennsylvania Workmen's Compensation Board, the board shall:

(1) through the medical examiner, have the application and any supporting medical records and other documentation submitted with the application reviewed and on the basis of said review, and the subsequent recommendation by the medical examiner regarding the applicant's medical qualification for a disability annuity along with such other recommendations which he may make with respect to the permanency of disability or the need for subsequent reviews, make a finding of disability and whether or not the disability is service connected or nondisability and *in the case of disability establish an*

---

[2] 71 Pa. C. S. §5706(a).

*effective date of disability* and the terms and conditions regarding subsequent reviews. . . . (Emphasis added.). Sections 5704 and 5102 require the Board to establish the effective date of disability. Section 5905(c)(1) states that in every case the Board shall establish the effective date of disability based on the recommendations of its medical examiner. We therefore hold that disability annuities under Section 5704 are payable from the effective date of disability as determined by the Board upon the recommendations of its medical examiner under Section 5905(c)(1) and not under the Board's regulation 4 Pa. Code §241.1 which has no bearing on disability annuities.

We do not hold that 4 Pa. Code §241.1 is *per se* invalid. This regulation may be useful in determining the effective date of retirement in retirement annuity cases. Indeed, the regulation is captioned effective date of disability retirement. The instant case is not a retirement annuity case. The Board erred in applying this regulation to Section 5704 which deals exclusively with disability annuities and is so captioned. The Board must apply Section 5905(c), captioned disability annuities, and use the recommendations of the medical examiner for the effective date of disability on a case by case basis. This Court has previously held that examination by the medical examiner in such cases is mandatory. *Claim of Kohn,* 82 Pa. Commonwealth Ct. 251, 474 A.2d 1212 (1984); *Burrows v. State Employees' Retirement Board,* 76 Pa. Commonwealth Ct. 84, 463 A.2d 106 (1983). If the medical examination is mandatory, it is also mandatory for the Board to use the findings of its medical examiner. That portion of the Board's order in this case holding that the effective date of disability commenced October 25, 1985, is reversed and the case remanded for a finding of the effective date of disability based upon the medical examiner's recommendations.

Claimant also makes a secondary argument relative to her part-time return to work from November 1, 1985 to December 15, 1985. Drawing on the analogous provisions of The Pennsylvania Workmen's Compensation Act (Act),[3] Claimant asserts she should receive partial disability annuity benefits for the period she worked part-time. As previously stated, Section 5706(a) of the Code provides that once an annuitant returns to state service any annuity payable is terminated. The Code makes no provision for partial annuity payments of any type. While Section 5905(c) does state that the Board shall take into account decisions of The Pennsylvania Workmen's Compensation Board in evaluating disability, this Section does not transfer the provisions of the Act into the Retirement Code. Consequently, that portion of the Board's order denying partial annuity benefits from November 1, 1985 to December 15, 1985, is affirmed.

## ORDER

Now, May 31, 1988, the order of the State Employees' Retirement Board in the above-captioned matter, dated March 4, 1987, is reversed with respect to the Board's determination of the effective date of disability and remanded, and affirmed in all other respects.

Jurisdiction relinquished.

---

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1601.1.