Glenn W. OLSEN, Petitioner,

v.

**PENNSYLVANIA STATE EMPLOYES' RETIREMENT BOARD, Respondent (Two Cases).**

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 1996.

Decided Jan. 28, 1997.

Elliot A. Strokoff, Harrisburg, for petitioner.

Brian E. McDonough, Harrisburg, for respondent.

Before SMITH and FLAHERTY, JJ., and NARICK, Senior Judge.

SMITH, Judge.

Glenn W. Olsen petitions for review of two decisions of the State Employes' Retirement Board (Board) determining that he is ineligible to purchase credit for the three-year period when he was not an active employee of the Commonwealth. Olsen questions whether the decision of a hearing examiner becomes final when exceptions are not timely filed; whether an unconstitutional appearance of bias occurs when a prosecuting attorney, who filed late exceptions to an administrative board, represents the same board before this Court to obtain a remand for purposes of curing the late-filing defect; and whether the State Employees' Retirement Code (Retirement Code), 71 Pa.C.S. §§ 5101—5956, authorizes the purchase of credit for leaves without pay for purposes of studying under federal grants that occurred before March 1, 1974, the effective date of the statute.

While working for Indiana State College, Olsen was offered a fellowship to study under a federal grant for one year at Cornell University commencing in June 1965, and the board of trustees approved a one-year, unpaid leave of absence. In 1966 the institutions approved Olsen's continuation of his graduate work for two more years to complete his doctorate under another federal grant. Before he completed his studies, Olsen was offered and accepted a position as Professor of Mathematics at Edinboro State College. He taught there from 1968 until he retired at the end of 1991.

In 1991 Olsen requested permission from the State Employees' Retirement System (SERS) to purchase credit for the three years of graduate study. SERS denied the request and Olsen appealed. Following a hearing, the hearing examiner issued an undated opinion granting Olsen the right to purchase, which the Board found was delivered to it on August 30, 1994.[1] SERS filed a brief noting exceptions 31 days later; Olsen then filed a brief in opposition. The Board issued an opinion and order denying the request to purchase retirement credit, which stated in a footnote that both briefs were untimely and were not considered for purposes of the decision. SERS applied for reconsideration to eliminate the determination that its brief on exceptions was untimely, and Olsen filed a petition for review with this Court, at No. 1425 C.D.1995.

The Board, through the same counsel representing SERS in this matter, filed an application with this Court for enlargement of the time in which the Board might grant reconsideration, which the Court granted. The Board quickly granted reconsideration and later issued a second opinion and order substantially similar to the first but stating in the margin that because the hearing examiner's recommendation was undated it was not clear when the briefs of the parties were due; therefore the Board considered both of them on reconsideration. Olsen again sought review, at No. 2676 C.D.1995. This Court consolidated the two petitions.[2]

---

1. The cover letter from the hearing examiner is dated August 30, 1994 and states that either party may file exceptions within 30 days of the date of the letter, pursuant to 1 Pa.Code § 35.211. Certified Record, Item No. 6.

2. The scope of this Court's review of an order of the Board is limited to determining whether the findings of fact are supported by substantial evidence and whether the Board committed an error of law or violated constitutional rights. *Zemprelli v. State Employees' Retirement Board*, 680 A.2d 919 (Pa.Cmwlth.1996).

## I

Olsen's first procedural challenge to the validity of the Board's orders is his contention that the decision of the hearing examiner became final under 1 Pa.Code §§ 35.211 and 35.213 of the general rules of administrative practice and procedure, which rules are made applicable to proceedings before the Board pursuant to 4 Pa.Code §§ 250.1 and 250.15. Section 35.211 requires a participant desiring to appeal from a presiding officer's proposed report to an agency head to file a brief on exceptions within 30 days or such period as may be fixed by the agency head. Section 35.213 provides that failure to file a brief on exceptions within the time allowed constitutes waiver of all objections, and such waived objections may not be raised before the agency head on reconsideration. Olsen maintains that the Board correctly noted in its first opinion that SERS' exceptions were untimely, and he asserts that the record does not support the statement in the second opinion that it is not clear when the hearing examiner's report was filed.

Second, Olsen contends that the Board's conduct in permitting counsel for SERS to represent the Board before this Court on the application for enlargement of time, in apparently having ex parte communications with counsel for SERS in connection with that application and in granting reconsideration without providing Olsen an opportunity to respond all show a commingling of prosecutorial and adjudicatory functions in violation of the principles set forth in *Lyness v. State Board of Medicine*, 529 Pa. 535, 605 A.2d 1204 (1992). There the Supreme Court reversed an adjudication when some members of the board who participated in the original decision to prosecute also later sat in judgment, noting that a mere possibility of bias "is sufficient to raise the red flag of protection offered by the procedural guarantee of due process." *Lyness*, 529 Pa. at 544, 605 A.2d at 1208.

The Board responds that it is the ultimate finder of fact, and it is free to make its own findings and to accept, reject or modify those of the hearing examiner, whether exceptions are filed or not, citing *Albright v. State Employes' Retirement System*, 93 Pa.Cmwlth. 134, 500 A.2d 522 (1985). However, this assertion reads too much into *Albright*, where the Court stated that the Board rather than the hearing examiner is the fact finder, but where no question was raised concerning the regularity of the appeal to the Board.

The Board also advances arguments in avoidance of Olsen's due process claims. It refers to a statement by the Supreme Court that where an agency tribunal is applying its interpretation of law to undisputed facts, any possibility of prejudice can be cured by an appellate court. It refers also to a statement that due process guarantees are implicated only if the state seeks to deprive a person of life, liberty or property, which is determined under state law, and to a statement by this Court that a protected property interest arises from a legitimate claim to entitlement under state law rather than a mere desire or expectation. *Keeley v. State Real Estate Commission*, 93 Pa.Cmwlth. 291, 501 A.2d 1155 (1985). As for *Lyness*, the Board argues that Olsen is the moving party; hence SERS and the Board do not have a prosecutorial function.

This Court rejects the remarkable assertion that due process does not apply to the Board's adjudication of claims such as Olsen's. The Board must understand that the retirement benefits it administers are property rights and that the hearing and appeal proceedings to determine whether a particular claim is meritorious must be conducted in accordance with due process and with the rules of procedure that the Board has adopted. As for separation of functions, there is no question that excessive entanglement between the Board as adjudicator and counsel for SERS as a party to a proceeding can demonstrate bias or an appearance of bias sufficient to raise the "red flag" mentioned in *Lyness*. *See Wyland v. Public School Employees' Retirement Board*, 669 A.2d 1098 (Pa.Cmwlth.), *appeal denied*, 545 Pa. 659, 680 A.2d 1165 (1996). The Board's conduct here raises issues that arguably fall within the *Lyness* boundaries.[3]

---

3. Contrary to the Board's argument on this point, this issue does not relate to the practice of

Despite the procedural problems in this case, the Court is constrained to reach the merits of the dispute. Section 5954(b) of the Retirement Code, 71 Pa.C.S. § 5954(b), requires the Board to correct any error when a member, beneficiary or survivor is receiving more or less than that to which he or she is entitled. *See Bittenbender v. State Employees' Retirement Board,* 154 Pa.Cmwlth. 11, 622 A.2d 403 (1992). Thus if the Court were to vacate the Board's orders on any of the procedural grounds discussed above, the Board would retain authority to seek to deny Olsen the right to purchase the credit at issue. Requiring the relitigation of this matter to reach a pre-ordained result would serve no useful purpose. Having decided to review the Board's second order, the Court grants the Board's request to dismiss the appeal from the first.

## II

■ Section 5302 of the Retirement Code, *as amended,* 71 Pa.C.S. § 5302, relating to credited state service, provides in part: "(b) **Creditable leaves of absence.**—(1) A member on leave without pay who is studying under a Federal grant approved by the head of his department . . . shall be eligible for credit for such service. . . ." The Board's implementing regulation at 4 Pa.Code § 243.4 provides in part: "(b) Credited State service shall be available to a member on leave without pay *on March 1, 1974, or thereafter,* who is studying under a Federal Grant approved by the head of his department. . . ." (Emphasis added.)

The Board noted in its opinion that the language of the statutory provision is in the present tense (a member who "is studying"). It noted also that Section 1926 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1926, provides: "No statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." The Board concluded that the legislature did not intend to give Section 5302(b) retroactive effect and therefore reversed the hearing examiner's decision.

Olsen argues that the Board's interpretation of Section 5302 is contrary to the intent of the legislature. He quotes Section 5303(b), *as amended,* 71 Pa.C.S. § 5303(b), relating to eligibility points for accrued credited service, which provides:

Every active member of the system . . . on or after the effective date of this part shall receive eligibility points . . . for current State service, previous State service, or creditable nonstate service. . . . The class or classes of service in which the member may be credited for previous State service prior to the effective date of this part shall be the class or classes in which he was or could have at any time elected to be credited for such service.

Olsen contends that this section authorizes the purchase of previous state service at any time on or after March 1, 1974.[4] Olsen also cites Section 5955 of the Retirement Code, *as amended,* 71 Pa.C.S. § 5955, which provides in part: "The provisions of this part insofar as they are the same as those of existing law are intended as a continuation of such laws and not as new enactments."

Finally, Olsen refers to *Board of School Directors for Tredyffrin/Easttown School*

---

having the same counsel represent the Board, as administrative head of SERS, on appeal to this Court, which is an essentially innocuous practice. The concern is for bias or the appearance of bias while the matter is pending before the Board as adjudicator. The fact that a neutral forum may be reached at some point is not enough; due process requires that the original adjudicator be fair and impartial. *Lyness,* 529 Pa. at 547 n.12, 605 A.2d at 1210 n.12.

**4.** In addition, Olsen quotes p. xvii of "A Report of the Task Force on Administration of and Codification of State Employes' Retirement Laws," which was presented to the General Assembly by the Joint State Government Commission in Janu-

ary 1972, as follows: "Again, current Commonwealth employment practices permit employes to accept temporary employment with other governmental agencies or study under governmental grants."

The report continues by stating a proposed code section:
11. A state employe who is on temporary leave to study under a governmental grant or for service under another governmental agency may purchase State service credit for such period provided he is not receiving retirement credits elsewhere for the same service and that he returns to active State service.
*Id.*

*Dist. v. Public School Employees' Retirement Board,* 60 Pa.Cmwlth. 1, 430 A.2d 1018 (1981). There this Court construed sections of the Public School Employees' Retirement Code, 24 Pa.C.S. §§ 8101—8535, providing that active members may purchase credit for previous school service or creditable non-school service. The Court concluded that the provisions, read in the context of the statute as a whole and in light of the prefixed headings, indicated an intent by the legislature to permit members to purchase credit for part-time school employment before the effective date of the statute.

The Board responds that Olsen's interpretation of Section 5302(b)(1) of the Retirement Code requires retroactive application of the statute.[5] Section 5303(a), 71 Pa.C.S. § 5303(a), provides that eligibility points "shall be computed ... with respect to all credited service accrued as of the effective date of this part." Because service under a government study grant was not creditable before March 1, 1974, the Board contends that members may earn such credit only prospectively. Further, the Board argues that *Tredyffrin/Easttown School Dist.* is distinguishable because the statute at issue there by its terms contemplated purchase of prior part-time service, whereas here the statute by its terms does not.

The Court agrees that Section 5302(b)(1) of the Retirement Code does not provide for credit for service while on a leave of absence to study under a federal grant before March 1, 1974. No provision of the previous retirement statute for state employees permitted such credit. Therefore, federal grant study time is not service for which a member "could have at any time elected [in the past] to be credited" under Section 5303, and Section 5955 does not apply. Although the Joint State Government Commission Report, *see* n4 supra, referred to a practice of permitting employees to accept temporary study under governmental grants, it did not refer to a practice or established rule of permitting purchase of state service credit for such periods.

The Court is not unmindful of the principle that the Retirement Code is not to be construed with overly narrow interpretations. *Tredyffrin/Easttown School Dist.* Nevertheless, the Court concludes that the interpretation Olsen urges would require a truly retroactive application of provisions of the Retirement Code without a clear and manifest expression of such intent by the legislature, in violation of the principle codified in Section 1926 of the Statutory Construction Act of 1972. Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 28th day of January, 1997, the order of the State Employees' Retirement Board is affirmed. The petition for review at No. 1425 C.D.1995 is dismissed.

FLAHERTY, J., dissents.

---

**5.** The Board also asserts that its duly promulgated regulation at 4 Pa.Code § 243.4 has the force and effect of law and should be enforced. However, a regulation may not be upheld if it is contrary to the statute under which it was promulgated. *Consulting Engineers Council of Pennsylvania v. State Architects Licensure Board,* 522 Pa. 204, 560 A.2d 1375 (1989).